## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC,     ) | Civil Action No. 17-cv-01297 |
|         ) | |
|     Plaintiff,         ) | |
|         ) | |
|     v.         ) | **ANSWER AND** |
|         ) | **OBJECTIONS OF** |
| AN EASEMENT TO CONSTRUCT, OPERATE     ) | **CECYLE KLAPHAKE** |
| AND MAINTAIN A 20-INCH GAS     ) | **TO COMPLAINT OF** |
| TRANSMISSION PIPELINE ACROSS     ) | **COLUMBIA GAS** |
| PROPERTIES IN WASHINGTON COUNTY AND     ) | **TRANSMISSION, LLC** |

COLUMBIA GAS TRANSMISSION, LLC,

    Plaintiff,

    v.

AN EASEMENT TO CONSTRUCT, OPERATE
AND MAINTAIN A 20-INCH GAS
TRANSMISSION PIPELINE ACROSS
PROPERTIES IN WASHINGTON COUNTY AND
ALLEGHENY COUNTY, PENNSYLVANIA, OWNED
BYMCC INTERNATIONAL, INC. (PARCEL ID 140-
006-00-00-0080-03), MICHAEL AND CANDICE
BOBROWSKI (PARCEL ID 584-C-43), ROBERT AND
ELIZABETH COWDEN (PARCEL ID 140-008-00-00-
0005-00 and 140- 006-00-00-0075-00), CECYLE
KLAPHAKE, TRUSTEE OF THE WILLIAM
KLAPHAKE AND CECYLE KLAPHAKE
REVOCABLE LIVING TRUST (PARCEL ID 140-006-
00-00-0025-00), DANIEL AND DEBORAH ROBINSON
(PARCEL ID 584-G-00004), ROBERT AND AUDREY
WEISS (PARCEL ID 586-B-4), PATRICK SCHEIDER
(PARCEL ID 140-006-00-00-0024-00), WEST PENN
POWER (PARCEL ID 140-006-00-00-0080-03, 140-006-
00-00-0079-00, 140-006-00-00-0075-00, and 140-005-00-
00-0014-04), CROWN ATLANTIC COMPANY, LLC
(PARCEL ID 140-006-00-00-0025-00), and UNKNOWN
PERSONS AND INTERESTED PARTIES,

    Defendants.

---

## ANSWER AND OBJECTIONS OF CECYLE KLAPHAKE
## TO COMPLAINT OF COLUMBIA GAS TRANSMISSION, LLC

Defendant, Cecyle Klaphake, pursuant to Rule 71.1(e) of the Federal Rules of Civil

Procedure, files this Answer and Objections to the Complaint of Columbia Gas Transmission,

LLC ("CGT").  In support thereof, Mrs. Klaphake avers as follows:

# I.   BACKGROUND

1.      Mrs. Klaphake is Trustee of the William Klaphake and Cecyle Klaphake Revocable Living Trust, which holds fee simple title to approximately 120 acres of property (hereafter the "Klaphake Farm") located in Cecil Township in Washington County, Pennsylvania.

2.      Mrs. Klaphake has owned and lived on the Klaphake Farm for approximately 60 years.

3.      The Klaphake Farm is the subject of CGT's Complaint seeking condemnation.

4.      The Klaphake Farm is subject to an easement agreement that was entered into by a prior owner of the Klaphake Farm and The Manufacturers Light and Heat Company in 1946. The easement was recorded in Washington County. (Exhibit 1, hereafter "Easement Agreement")

5.      The Manufacturers Light and Heat Company ("Manufacturers") was part of Columbia Gas & Electric Company at the time of the Easement Agreement in 1946.

6.      As part of a corporate restructuring, Manufacturers became part of CGT.

7.      TransCanada acquired CGT and its parent company, Columbia Pipeline Group, in 2016.

8.      The Easement Agreement granted Manufacturers and its successors "the right to lay a 20-inch pipe line, and maintain, operate, repair and remove said lines along a line which has been surveyed for the same over and through" the Klaphake Farm. (Exhibit 1)

9.      The Easement Agreement further provided that Manufacturers and its successors could "at any time lay, maintain, operate, repair and remove a second line of pipe alongside of the first line as herein provided, upon the payment of a like consideration and subject to the same

considerations; also may change the site of its pipes, the damages, if any, to crops and surface in making such change to be paid by the Company." *Id*.

10.      In February 2015, CGT applied to the Federal Energy Regulatory Commission ("FERC") for a Certificate of Public Convenience and Necessity authorizing CGT to "replace" its existing Line 1570 pipe with a new line of pipe. (Exhibit 2, Abbreviated Application of Columbia Gas Transmission, LLC for a Certificate of Public Convenience and Necessity)

11.      CGT's Line 1570 includes the pipeline that lies on the Klaphake Farm and is the subject of this action.  As part of this "replacement" project, CGT would lay a new line of pipe across a different section of the Klaphake Farm.  The existing pipeline would be abandoned and left in place on the Klaphake Farm, according to CGT.

12.      Ms. Klaphake does not seek to prevent CGT from changing the location of its pipeline under the terms of the Easement Agreement.  In fact, the Easement Agreement sets forth the parties' rights and obligations if CGT chooses to do so.

13.      In clear and unambiguous language, the Easement Agreement provides that CGT "may at any time lay, maintain, operate, repair and remove a second line of pipe alongside of the first line as herein provided, upon the payment of a like consideration, and subject to the same conditions; also may change the site of its pipes, the damages, if any, to crops and surface in making such change to be paid by Company." (Exhibit 1)

14.      The Easement Agreement also unambiguously provides that when CGT lays a second line the company must pay like consideration to Ms. Klaphake and (2) the line is "subject to the same conditions."

15.     On September 12, 2017, Mrs. Klaphake filed a Complaint in Declaratory Action against CGT[1] in the Court of Common Pleas of Washington County, Pennsylvania. Exhibit 4. Mrs. Klaphake's complaint seeks an adjudication of the parties' rights and obligations under the 1946 easement agreement. *Id.* (seeking a declaration that the 1946 Easement determines and prescribes the rights and obligations of the parties, including, *inter alia*, the terms under which CGT can lay a second line of pipe and/or relocate a line of pipe, as well as whether CGT must continue to provide a gas tap to Mrs. Klaphake pursuant to the 1946 Easement.)

16.     On October 19, 2017, CGT removed the Complaint in Declaratory Action to the District Court for the Western District of Pennsylvania. Exhibit 5.

17.     On November 20, 2017, Mrs. Klaphake filed a Motion to Remand to State Court. CGT has not yet responded to Mrs. Klaphake's Motion to Remand. Exhibit 6.

### OBJECTION NO. 1 – CGT Seeks Condemnation of Property Interests Beyond the Authorization Provided by FERC

18.     CGT's obligations under the Easement Agreement are unconditional. There is no provision in the Easement Agreement that allows CGT to ignore its obligations simply because the company has chosen to move the line of pipe, especially since the Easement Agreement addresses precisely this circumstance and sets forth the parties' rights and obligations.

19.     Nor are CGT's binding obligations pursuant to the Easement Agreement lessened or loosened by FERC's authorization of CGT's Line 1570 project. In fact, when FERC issued the Certificate of Public Necessity to CGT with respect to Line 1570, FERC expressly stated that it (1) lacked jurisdiction to authorize Columbia to take actions that would breach or modify its existing agreements with landowners; and (2) such issues should "be addressed under state law

---

[1] TransCanada Corporation and Columbia Pipeline Group are also defendants in the declaratory action.

in a court of competent jurisdiction." (Exhibit 3, FERC Order Issuing Certificate to Columbia

Gas Transmissions at p. 5, ¶ 15, 146 FERC ¶ 61,075, Docket No. CP13-478-000, February 7,

2014) ("Issues related to what rights Columbia may have to utilize the [landowner's] property

under the current easement and whether or not additional compensation or a new conveyance

may be required for additional uses are beyond the jurisdiction of this Commission. Such issues

may be addressed under state law in a court of competent jurisdiction.")

      20.      Indeed, CGT itself told FERC that the company would abide by its existing

easement agreements with landowners anywhere it sought to abandon pipeline, unless the

landowners agreed otherwise. (Exhibit 2 at p. 6) ("Other than by specific agreements to the

contrary with affected landowners, Columbia will retain its existing easements on property

where existing pipeline is being proposed for abandonment.").

      21.      In fact, the Certificate of Public Convenience and Necessity incorporated CGT's

representation to FERC.  Dkt. No. 1, Exhibit 3, p. 4, ¶ 9 ("Other than by specific agreements to

the contrary with affected landowners, Columbia will retain its existing easements on property

where pipe on Segments 1, 2, and 3 are proposed for abandonment by removal and in place.")

      22.      CGT avers that it "has been unable to negotiate with the Landowners mutually

agreeable terms for the new easements."  Dkt. No. 1 at ¶ 3.  FERC's authorization does not

merely require CGT to make an effort to negotiate "mutually agreeable terms for the new

easements" with Mrs. Klaphake.  The Certificate of Public Convenience and Necessity requires

that, if CGT cannot reach an agreement with Mrs. Klaphake, CGT will abide by its existing

agreement with Mrs. Klaphake, *i.e.*, the 1946 Easement.  Dkt. No. 1, Exhibit 3, p. 4, ¶ 9 ("Other

than by specific agreements to the contrary with affected landowners, Columbia will retain its

existing easements on property where pipe on Segments 1, 2, and 3 are proposed for abandonment by removal and in place.").

23.     The Certificate of Public Convenience and Necessity certainly does not authorize CGT, if it cannot reach a specific agreement to the contrary with Mrs. Klaphake, to condemn her property and rewrite the terms of its agreement with her.  CGT's attempt to do so exceeds the authority granted to it by FERC pursuant to the Certificate of Public Convenience and Necessity, which expressly required that issues related to CGT's existing agreements with landowners, such as Mrs. Klaphake, "be addressed under state law in a court of competent jurisdiction."

24.     Accordingly, Mrs. Klaphake objects to CGT's Complaint because it exceeds the authority granted by FERC and seeks to avoid a proper adjudication of its rights and obligations with respect to the Mrs. Klaphake and the Klaphake Farm.

**OBJECTION NO. 2 – CGT's Complaint Fails to Provide Sufficient Notice of the Property Interests to be Taken**

25.     In its Complaint, CGTC describes the easement to be taken to include "ingress to and egress from the right-of-way area by means of existing or future roads and other reasonable routes on the premises and on Landowners' adjoining lands."  Dkt. No. 1, ¶ 10.

26.     Neither the Complaint nor the attached map describe or depict the property to be taken for the stated purpose of ingress and egress, other than the property to be taken by temporary easement.

27.     Moreover, the Complaint contains no justification for the condemnation of "future roads."

28.     In addition, the property that CGT proposes for taking has been inconsistently identified by CGT in its representations to Mrs. Klaphake and FERC.  Based on those

inconsistencies, Mrs. Klaphake believes that the property CGT seeks to condemn is different

from, and in excess of, the property CGT identified its applications to FERC.

29.    As a result, Mrs. Klaphake objects to the Complaint for failure to provide

reasonable notice of the property to be taken.

**OBJECTION NO. 3 – CGT Seeks Condemnation of Greater Property Interests Than is Reasonably Required or Necessary**

30.    CGT may not condemn a greater amount of property than is reasonably required

or necessary for the contemplated purpose.

31.    To the extent CGT seeks through its condemnation action to acquire rights to an

easement of greater width, as depicted on the map attached to its Complaint, the Mrs. Klaphake

objects on the basis that it is neither reasonable nor necessary for CGT to condemn an easement

of such width.

32.    Similarly, CGT seeks through its condemnation action to acquire rights with

respect to the proposed easements, including restrictions of Mrs. Klaphakes rights with respect to

same, that exceed what is reasonable and necessary.

33.    As set forth above, CGT has operated and maintained a 20-inch pipeline on the

Klaphake Farm for more than 70 years.  CGT has not provided any basis to conclude that it

suddenly needs dramatically expanded rights or restrictions on Mrs. Klaphake's rights in order to

operate and maintain a 20-inch pipeline on the Klaphake Farm.

34.    To the extent CGT seeks through its condemnation action to acquire rights to a

greater amount of property than is reasonably required or necessary for the contemplated

purpose, Mrs. Klaphake objects to CGT's Complaint and the proposed taking therein.

WHEREFORE, Cecyle Klaphake respectfully requests This Honorable Court to enter an order:

(i)    sustaining her Objections;

(ii)   terminating the condemnation action;

(iii)  and granting damages and such other relief as the Court deems just and
       proper.


November 22, 2017                          Respectfully submitted,


                                           */s/ Steven E. Gibbs*
                                           Steven E. Gibbs
                                           Gibbs LLC
                                           500 Grant Street, Suite 2900
                                           Pittsburgh, PA 15219
                                           Telephone: 412.515.1473
                                           Steve.Gibbs@GibbsLawLLC.com
                                           *Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 22nd day of November, 2017, I electronically filed the foregoing

using the CM/ECF system which will send notification of such filing to all CM/ECF participants.


*/s/ Steven E. Gibbs*
Steven E. Gibbs