# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17-1297 |
| v. | ) ) | Judge Cathy Bissoon |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 20-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN WASHINGTON COUNTY AND ALLEGHENY COUNTY, PA., OWNED BY MCC INTERNATIONAL, INC., *et al.*, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Robert C. Mitchell |
| Defendants. | ) | |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.C, 72.D and 72.G of the Local Rules for Magistrate Judges.

On April 25, 2018, the Magistrate Judge issued a Report and Recommendation (Doc. 63) recommending that Plaintiff's *Renewed Motion for Partial Summary Judgment and Immediate Access and Possession of Easements on Property Owned by Cecyle Klaphake, Trustee of the William Klaphake and Cecyle Klaphake Revocable Living Trust* (Doc. 51) be granted. Service of the Report and Recommendation was made on the parties, and Defendant Cecyle Klaphake timely filed objections (Doc. 64).

This Court conducted a *de novo* review of the issues raised by Defendant's objections, together with the Report and Recommendation (the "Report"). For the reasons that follow, the

Court will adopt the Report as the opinion of the District Court, with minor changes described below, and will grant Plaintiff's Motion.

Plaintiff seeks immediate access to and possession of easements on Defendant's property through this eminent domain action under the Natural Gas Act, 15 U.S.C. §§ 717-717z, for the purpose of replacing a segment of Plaintiff's interstate natural gas pipeline. Plaintiff holds a certificate of public convenience and necessity ("Certificate") from the Federal Energy Regulatory Commission ("FERC") authorizing this replacement. However, the Natural Gas Act makes eminent domain proceedings available only when the Certificate holder "cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for" the necessary rights. 15 U.S.C. § 717f(h). Defendant argues, in sum, that Plaintiff's rights to the easements have already been acquired by contract and thus that the instant eminent domain proceedings are unavailable to Plaintiff.

Defendant argues that, contrary to the Report: (1) Plaintiff presently possesses a valid agreement with Defendant governing the pipeline easements, (2) Defendant properly may raise her easement agreement as an objection to the condemnation proceedings, (3) the agreement covers the rights that Plaintiff seeks through the instant proceedings, (4) the FERC Certificate disavows coverage of certain rights at issue in this case, and Plaintiff is not entitled to seek condemnation of rights that are beyond the scope of the Certificate, and (5) there is no basis for finding that the existing agreement fails to cover the rights that Plaintiff seeks.

The Court finds that many of Defendant's objections can be addressed through the language of the existing easement agreement, and the Court thus begins its analysis with the agreement. The Report correctly states that the language of the easement agreement contradicts Defendant's claim that the agreement covers Plaintiff's right to lay its new pipeline. (Report 13.)

The easement agreement—by the plain and ordinary meaning of its terms—provides Plaintiff the right to lay "a second line of pipe alongside of the first line." Specifically, the agreement provided the right for Plaintiff's predecessor in interest "to lay a 20 inch pipe line and maintain, operate, repair and remove said line along a line which has been surveyed for the state," and also the future right to "lay, maintain, operate, repair and remove a second line of pipe alongside of the first line." (Report 4.) There is no plausible interpretation under which the existing agreement provides Plaintiff the right to lay a new line of pipe wherever it pleases on Defendant's property once the first line has been laid along the surveyed route. Plaintiff's right under the agreement is to lay a second line of pipe alongside the first; the route across Defendant's property authorized by the FERC Certificate is not "alongside" the first. (See Exhibit B to Plaintiff's Reply Brief, Doc. 62-2.) As a result, Defendant's first, third, and fifth objections are unpersuasive; the existing easement agreement does not cover Plaintiff's right to lay pipe on the FERC-approved route and Defendant cannot unilaterally amend the agreement for her own benefit by waiving the word "alongside."

Concerning Defendant's second objection, the Court does not reach the question of whether a party may object to a Natural Gas Act eminent domain proceeding based on the existence of a prior agreement governing the same rights. The facts of this case present no opportunity for the Court to do so, as Defendant's agreement with Plaintiff does not cover the rights that Plaintiff seeks to acquire.

Finally, as to the fourth objection, it is useful to draw a distinction between Defendant's right to a farm tap on the existing pipeline (or another pipeline alongside the first one), laid pursuant to the easement agreement, and her right to a farm tap on a pipeline laid pursuant to the FERC Certificate and the instant condemnation proceedings. The Court agrees with Defendant

that FERC expressly disavowed its ability to determine the rights of the parties *under* existing easement agreements. Therefore, any rights that Defendant may have to a farm tap or to non-abandonment under the existing agreement, with respect to property covered by that agreement, are yet to be determined.[1] The Court finds that the rights of access and possession that Plaintiff seeks to acquire through the instant Motion are clearly within the scope of the FERC Certificate.

Accordingly, the following Order is entered:

Plaintiff's *Renewed Motion for Partial Summary Judgment and Immediate Access and Possession of Easements on Property Owned by Cecyle Klaphake, Trustee of the William Klaphake and Cecyle Klaphake Revocable Living Trust* (Doc. 51) is **GRANTED**, and the Report and Recommendation of Magistrate Judge Mitchell dated April 25, 2018, as augmented above, is hereby adopted as the opinion of the District Court.

IT IS FURTHER ORDERED that Columbia Gas Transmission, LLC is granted immediate access to and possession of the easements sought on Parcel ID No. 140-006-00-00-0025-00, located in Allegheny County, Pennsylvania, on and after May 15, 2018.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(c), Columbia Gas Transmission, LLC shall post a bond in the amount of $375,000.[2]

---

[1] Concerning a farm tap, the easement agreement states: "Tap to be installed on this line at point nearest the residence." (Report 4.) Defendant has raised claims concerning her rights under the easement agreement in a parallel lawsuit, Klaphake v. Columbia Gas Transmission, LLC, Civil Action No. 17-1359, also before the Court.

[2] Federal Rule of Civil Procedure 65(c) states that "the court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongly enjoined." In setting the amount of the bond, the Court should "err[] on the high side" because recourse against the bond may be the only recourse available in the event an injunction is wrongful. Columbia Gas Transmission, LLC v. An Easement To Construct, 2017 WL 544596, at *5 (W.D. Pa. Feb. 9, 2017). In Civil Action No. 17-1359, Columbia Gas Transmission has represented through a sworn affidavit that $375,000 is the approximate cost of removing and disposing of the existing pipeline on the Klaphake Farm. (Exhibit B to Opposition to Remand to State Court at ¶ 7, Civil

IT IS SO ORDERED.


May 8, 2018                                         s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

Action No. 17-1359, Doc. 13-4.)  The amount of $375,000 is thus an estimate of the costs that one would incur to remove and dispose of a pipeline on the Klaphake Farm, if such removal were to become necessary.  This amount can be considered an upward bound on Defendant's recovery if she is found to have been wrongly enjoined and, as an extreme result, she must pay for the removal of the wrongfully installed pipeline.  Cf. Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement, 2008 WL 4346402, at *11 (W.D. Pa. Sept. 19, 2008) ("if a FERC-regulated gas company was somehow permitted to abandon a pipeline project (and possession) in the midst of a condemnation proceeding, the company would be liable to the landowner for the time it occupied the land and for any 'damages resulting to the [land] and to fixtures and improvements, or for the costs of restoration.'" (quoting 4 Nichols on Eminent Domain § 12E.01 (2018))).